STATE OF LOUISIANA * NO. 2021-KA-0239

VERSUS * COURT OF APPEAL

SHARNELL D. JOHNSON * FOURTH CIRCUIT

* STATE OF LOUISIANA

*

*

* * * * * * *

*RBW*BARTHOLOMEW-WOODS, J., DISSENTS AND ASSIGNS REASONS

I respectfully dissent from the majority's decision to affirm the district court's judgment, which denied Sharnell Johnson's ("Ms. Johnson") motion to suppress evidence.

The majority finds that the search incident to arrest exception to the warrant requirement applies in this case. I respectfully disagree. However, before addressing the search incident to arrest exception, I first address the State's main argument at the hearing on the motion to suppress. The State's main argument was that the police had probable cause to search Ms. Johnson's purse under the automobile exception to the warrant requirement.

The State asserted that the police officers had probable cause to believe a narcotics violation was occurring inside the vehicle because they could smell marijuana emanating from the vehicle's window, which authorized them to make the traffic stop. The State argued that because the police officers had probable cause to believe narcotics would be located inside the vehicle, the automobile exception to the warrant requirement permitted them to conduct a warrantless search of the vehicle and any containers therein capable of concealing the source of the suspected narcotic. The majority adopts the State's argument and concludes that independent of the search incident to arrest exception, the warrantless search

1

of Ms. Johnson's purse was permissible under the automobile exception.[1]  I find

the automobile exception does not apply.

Orleans Parish Municipal Code §54-28(1), which was enacted on June 19,

2008, directs police officers to issue only a summons for possession of marijuana,

rather than arrest, unless certain exceptions apply.  Municipal Code §54-28(1)

provides:

> (1) An officer shall issue a written summons and may not make a custodial arrest when citing a person solely for a violation of this chapter, except when one of the following circumstances exists:
>
>> a. The person does not possess identification issued by any municipal, state, territorial, federal, or other governmental authority within the United States; or
>> b. The person makes a statement that indicates an intent to disregard the summons or refuses to sign the summons; or
>> c. The person acts in a violent or destructive manner or makes a statement indicating that he or she intends to inflict injury to self or another or damage to property; or
>> d. The person is a habitual offender, defined as any individual with a criminal history of two or more felony convictions or five or more felony or municipal arrests for any offense; or
>> e. Based on the circumstances, an officer determines that it is absolutely necessary to make an arrest.

Based on the aforementioned, a possessor of marijuana is no longer subject to

arrest if none of the exceptions apply.

In the instant case, Officer Devezin suspected Mr. Billizon, the driver of the

vehicle, had committed an infraction when he detected the odor of marijuana

emanating from the vehicle.  After stopping the vehicle, Officer Devezin explained

---

[1] The majority states that "Officer Devezin stopped the vehicle in which [Ms. Johnson] was a passenger because of the dark-tinted windows, thus, the stop itself was reasonable." However, the officer's testimony at the suppression hearing reflects he was alerted to the vehicle, not because of the dark-tinted windows, but because he detected the odor of marijuana emanating from the vehicle.

2

that he smelled a strong odor of marijuana and asked Mr. Billizon and Ms. Johnson to exit the vehicle. Mr. Billizon admitted that he had smoked marijuana, an infraction for which no more than a summons should have been issued as contemplated by the enactment of Municipal Code §54-28(1). Yet, Mr. Billizon was neither issued a summons, nor otherwise arrested, and the vehicle was not seized. Upon Mr. Billizon's admission that he had indeed smoked marijuana, there was no basis for a search of the vehicle or any closed containers inside the vehicle, namely Ms. Johnson's purse and the contents contained therein, because none of the exceptions in the Municipal Code applied to the situation. Accordingly, I find the automobile exception to the warrant requirement did not justify the warrantless search in this case.

Furthermore, I find the search incident to arrest exception to the warrant requirement, likewise, does not apply. In *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the U.S. Supreme Court noted that the search incident to arrest exception "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id.*, 556 U.S. at 338, 129 S.Ct. at 1716 (citations omitted). The U.S. Supreme Court clarified the scope of a search incident to arrest exception, holding:

> Police may search a vehicle incident to a recent occupant's arrest *only* if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Id.*, 556 U.S. at 351, 129 S.Ct. at 1723-24 (emphasis added). Consequently, the search of a car incident to arrest is only permissible in two situations: "if the arrestee is within reaching distance of the passenger compartment at the time of the search" or "it is reasonable to believe the vehicle contains evidence of the offense

3

of the arrest." *Id.*

This case does not involve a passenger compartment, but rather a purse, to which Officer Devezin did not believe contained anything that was a threat to his safety. In fact, Officer Devezin repeatedly asked Ms. Johnson if she wanted the purse, despite having told Officer Devezin no and that he could give the purse to Mr. Billizon. Officer Devezin did not even reach into the vehicle to remove Ms. Johnson's purse himself; rather, Mr. Billizon, after being released from his handcuffs, removed the purse from the passenger side and handed it to him. Had Officer Devezin believed the purse contained anything that posed a threat to police safety, he would not have continually asked Ms. Johnson if she wanted to bring the purse with her much less allowed Mr. Billizon to reach inside the vehicle to remove the purse before handing it to him. Moreover, the exchange of the purse did not take place until nearly forty (40) minutes after the police officers effectuated the stop. At that point in the interaction, Ms. Johnson was handcuffed and standing on the sidewalk and out of reaching distance from the floor of the passenger compartment, where her purse remained until Officer Devezin seized it. Moreover, Ms. Johnson was arrested for outstanding warrants. It would be unreasonable to conclude that her purse contained evidence of the offense for which Ms. Johnson was arrested. The justifications for search incident to arrest exception are absent here; and therefore, the facts of this case do not fall within the narrow scope of the search incident to arrest exception.

Finally, Municipal Code §54-28(1) establishes that unless certain exceptions apply, which do not exist in this case, possession of marijuana is no longer an arrestable offense. In that possession of marijuana is akin to a municipal infraction for which a summons is issued, there was no basis under the search incident to arrest exception to search Ms. Johnson's purse and the contents therein.

4

For these reasons, I respectfully dissent from the majority. Accordingly, I would reverse the trial court's ruling, which denied Ms. Johnson's motion to suppress.